IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

LARRY MILLER,

      PLAINTIFF,

vs.

SUNBELT RENTALS, INC.,
a Foreign Corporation,

      DEFENDANT.

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LARRY MILLER ("Mr. Miller" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, SUNBELT RENTALS, INC. ("Defendant" or "SR") and alleges the following:

## INTRODUCTION

1. Plaintiff brings these claims for age discrimination and retaliation against Defendant for its unlawful termination of Plaintiff based upon his age in violation the ADEA, Section 29 U.S.C. Section 626 (b and c), and 29 U.S.C. Section 623(a)(1) and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

## JURISDICTION AND VENUE

2. The Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law.

3. This Court has supplemental jurisdiction over Plaintiff's FCRA claims as they arise from the same set of operative facts as Plaintiff's federal ADEA claims.

4. Defendant is a foreign corporation that is engaged in the equipment rental

industry.

5. Defendant is engaged in an industry affecting commerce. *See* 29 U.S.C. Section 630 (g and h).

6. At all times material, Defendant employed more than 20 employees.

7. Defendant is an employer as defined by 29 U.S.C. Section 630(b).

8. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(3) because Defendant conducts substantial business in Orange County, Florida, and Plaintiff worked for Defendant in Orange County, Florida, where the actions at issue took place.

## CONDITIONS PRECEDENT

9. On or around April 8, 2020, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging age discrimination and retaliation against Defendant.

10. On September 30, 2020, Plaintiff received the EEOC's mailed Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

11. More than 180 days have passed since the filing of the Charge of Discrimination.

12. Plaintiff timely files this action within the applicable period of limitations against Defendant.

13. All conditions precedent to this action have been satisfied and/or waived.

## STATEMENT OF FACTS

14. At all times material, Plaintiff, worked for SR as a Truck Driver from August

18, 2000, until his termination on November 5, 2019.

15. Plaintiff was seventy-two (72) years old at the time of his termination.

16. During his employment with SR, Mr. Miller was subjected to age-related comments by his SR supervisors.

17. In the last year or two of his employment, because of his age, younger Managers and co-workers routinely asked Mr. Miller, "when are you planning to retire?"

18. Prior to his termination, Mr. Miller was subjected to disparate treatment on account of his age.

19. During his employment with SR, Mr. Miller had no significant history of attendance, performance, tardiness, reliability, or performance issues.

20. On October 30, 2019, Mr. Miller unfortunately contacted another vehicle while driving an SR truck.

21. The accident was a result of SR's failure to provide Mr. Miller a suitable mount for the iPhone that Mr. Miller and other SR drivers were expected by SR to use for GPS navigation.

22. As a result, SR sent Mr. Miller home for the day.

23. Thereafter, on November 5, 2019, SR informed Mr. Miller that it had taken the drastic decision to terminate his employment, effective immediately.

24. However, in the two (2) years prior to Mr. Miller's accident, two significantly younger drivers, each had similar or more serious accidents, but neither suffered a similar adverse employment action as Mr. Miller did.

25. Plaintiff was fired for no reason other than his advanced age.

26. Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker in exchange for a younger, less-qualified employee.

27. Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

28. But for Plaintiff's age, Defendant would not have terminated his employment.

29. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, and emotional distress damages, as a result of Defendant's actions.

## COUNT I- VIOLATION OF THE ADEA

30. Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 29 of the Complaint, as if fully set forth in this Count.

31. Plaintiff was over forty (40) years old when he was terminated.

32. Plaintiff was not terminated for cause.

33. Plaintiff was terminated only because of his age, and would not have been terminated but for his age.

34. Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff.

35. Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

36. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less qualified than Plaintiff.

37. Defendant's termination of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

38. Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

39. Prior to terminating Plaintiff, Defendant did not consult with the EEOC,

Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

## REQUEST FOR RELIEF- COUNT I

WHEREFORE, Plaintiff prays that this Court will:

40. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

41. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

42. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

43. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

44. Provide any additional relief that this Court deems just and proper.

## COUNT II – VIOLATION OF THE FCRA

45. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 29 of the Complaint, as if fully set forth in this Count.

46. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

47. The discrimination to which Plaintiff was subjected was based on his age.

48. Plaintiff was fired only because of his age, and would not have been fired but for his age.

49. The conduct of Defendant and its agents and employees proximately, directly,

and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

50. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

51. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

52. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that this Court will:

53. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

54. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

55. Grant Plaintiff a judgment against Defendant for damages, including, but not limited to, wage loss, compensatory, and punitive damages;

56. Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and

57. Provide any additional relief that this Court deems just.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 11th day of December, 2020.

        Respectfully submitted,

        ***/s/Noah E. Storch***
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        10368 W. State Road 84, Suite 103
        Davie, FL 33324
        Telephone: (866) 344-9243
        Facsimile:  (954) 337-2771
        E-mail:  **noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*